Opinion by CLINE, J. In view of stipulation of counsel and the cited authorities, the merchandise in question was held dutiable as follows: (1) The merchandise represented by the items marked "A" on the invoices similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), held free of duty under paragraph 1705 as kelp; (2) the merchandise represented by the items marked "B" on the invoices, similar in all material respects to that the subject of *United States* 'v. *Nippon Co.*, *supra*, held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured; and (3) the merchandise marked with the letter "C" on the invoices, the same as that the subject of *Enbun* v. *United States* (19 C. C. P. A. 79, T. D. 45224), held dutiable at 1¼ cents per pound under paragraph 717 (c) as fish, dried and unsalted. The protests were sustained to this extent.

**No. 50465.**—Protests 85712–K (B), etc., of Swiss American Cheese Co. (New York).

Opinion by CLINE, J. It was stipulated as follows: (1) That certain of the merchandise consists of cheese similar in all material respects to that the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 Cust. Ct. 271, C. D. 767); and (2) that certain other merchandise consists of portions of cheese packed in boxes and that all such portions, except one portion which is Tilsit, are similar to that the subject of the above-cited case. In accordance therewith it was held that the merchandise in question is properly dutiable at 5 cents per pound, but not less than 20 percent ad valorem, under paragraph 710, as modified by T. D. 48554.

**No. 50466.**—Protests 67291–K, etc., of Swiss American Cheese Co. et al. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50467.**—Protests 101806–K, etc., of C. S. Emery & Co. et al. (St. Albans).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50468.**—Protests 103203–K/ 91360, etc., of Grow & Cuttle, Inc., et al. (Chicago and Minneapolis).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50469.**—Protests 106911–K, etc., of W. N. Proctor Co. et al. (Boston, etc.)

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50470.**—Protests 63920–K, etc., of Corporacion Argentina de Productores de Carnes et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protests were sustained as claimed.

No. 50471.—Protests 63973–K. etc., of Corporacion Argentina de Productores de Carnes (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protests were sustained as claimed.

No. 50472.—Protests 54340–K, etc., of George Ross Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50473.—Protests 57851–K, etc., of Armand Sacer et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50474.—Protests 896799–G, etc., of Somerset Importers, Ltd. (Los Angeles).